IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN L. McCARTY, | ) | CV F 02-6319 AWI |
| | ) | (CR F 94-5052 OWW) |
| Petitioner, | ) | |
| | ) | ORDER DENYING |
| v. | ) | PETITIONER'S MOTION TO |
| | ) | CORRECT, VACATE OR SET |
| UNITED STATES OF AMERICA, | ) | ASIDE SENTENCE |
| | ) | PURSUANT TO 28 U.S.C., |
| Respondent. | ) | SECTION 2255 |
| | ) | |
| | | (28 U.S.C. § 2255) |

## INTRODUCTION

In this case, petitioner John L. McCarty ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 15 months custody and 36 months supervised release that was imposed by this court on December 19, 2001, following Petitioner's entry of a plea of guilty to one count of evasion of payment of taxes in violation of 26 U.S.C. § 7201.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 17, 2001, Petitioner signed a plea agreement that set forth the following factual background:

> On August 13, 1990, [petitioner] entered a plea of guilty to two counts of attempting to evade the payment of taxes, as charged in Counts Two and Three of

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

> the indictment filed in criminal case number Cr.F. 89-167 REC.  As part of the plea agreement, [Petitioner] admitted that he owed over $2 million in personal and corporate income taxes.  He further agreed to pay all of the outstanding taxes.
>
> At the time of [Petitioner's] entry of his guilty plea, he and his spouse were the owners of United Security BankTime Certificate of Deposit Number 2215 in the approximate principal amount of $10,000.  This certificate states that it was issued June 21, 1990, and was to mature on September 4, 1990.
>
> On or about August 21, 1990, in the State and Eastern District of California, [Petitioner] caused the deletion of United Security Bank Time Certificate of Deposit 2215 and the creation of a new Time Certificate of Deposit 2285, in the name of another and in the amount of $10,000.  At the time of the creation of Time Certificate of Deposit 2285, [Petitioner] caused it to be backdated to June 21, 1990, in order to make it appear, albeit falsely, that this transaction occurred prior to the execution of the plea agreement.  At all relevant times herein, [Petitioner] acted willfully to evade or defeat the payment of taxes.
>
> As a result of [Petitioner's] conduct, the total amount of tax loss evaded or attempted to be evaded was approximately $127,250.00.

Doc. # 347 at 7:1-16.

Petitioner was charged by indictment to three counts on April 5, 1994.  On April 16, 2001, Petitioner was charged by superceding three-count indictment of tax evasion and aiding and abetting.  Petitioner was convicted of count two of the three-count indictment by plea of guilty on October 19, 2001.  Judgment was entered on December 17, 2001, and an amended judgment was entered on December 19, 2001.  Plaintiff's motion pursuant to 28 U.S.C. § 2255 was timely filed on October 28, 2002.  On February 24, 2003, Petitioner filed a document that purports to "supplement [Petitioner's] unadjudicated 28:2255" by asserting an additional ground for habeas relief.  The court construes the document filed on February 24, 2003, as an amendment to the habeas petition originally filed on October 28, 2002.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under

that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

**I. Waiver**

In the plea agreement, Petitioner waives his right to appeal his sentence so long as the court's sentence was consistent with what was agreed to in the plea agreement. "The right to attack a judgment collaterally is statutory. [Citation.] A knowing and voluntary waiver of a statutory right is enforceable. [Citation.] For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). However, a waiver cannot bar a claim that relates to the validity of the waiver itself. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Because Petitioner does not allege any aspect of his sentence was outside the terms agreed upon in the plea agreement, the waiver must be enforced except and unless Petitioner can show that the agreement itself is invalid. Petitioner alleges two basic grounds for invalidation of his plea agreement. Petitioner first alleges he suffered ineffective assistance of counsel when his attorney failed to present evidence showing Petitioner owed no taxes at the time he was indicted and when his attorney failed to assert Petitioner's rights under the speedy trial act. Second, Petitioner alleges in his amendment to the Petition that his plea was invalid because he was not

informed of the nature of the charges against him in count two of the superceding indictment.

Because claims of ineffective assistance of counsel usually implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are not normally considered waived by plea agreements. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996) (citing Pruitt for the proposition a general waiver does not include claims of ineffective assistance brought under section 2255). This court follows Pruitt in finding Petitioner's general waiver of the right to collaterally attack the judgment or his sentence did not waive his right to petition pursuant to section 2255 on the ground of ineffective assistance of counsel.

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong. Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

### A. Evidence of No Tax Liability

As set forth in the plea agreement, the tax liability at issue in this case was the tax liability

in the sum of at least $2 million admitted to by Petitioner in his plea of guilty in the 1989 case. Petitioner's allegation with regard to his tax liability is that there was no assessment against Petitioner listed in his master tax file until 1991 which, Petitioner contends, is outside the 6-year statute of limitations that pertains to the tax years that were at issue in the 1989 case. As the court understands Petitioner's argument, because his master tax file lists no assessment between 1982 and 1991, the government is without jurisdiction to maintain a tax claim against Petitioner because no tax was owing in 1991 by operation of the statute of limitations. Petitioner claims he was prejudiced by his attorney's failure to obtain and present the information from his master tax file that would have proven the absence of a valid tax claim against him and would have demonstrated the government's lack of jurisdiction over him in the instant case.

Petitioner's argument fails for the simple reason there is no statute of limitations on the government's ability to collect taxes due where there has been a "false or fraudulent return with intent to evade tax." 26 U.S.C. § 6501(c)(1); Considine v. United States, 683 F.2d 1285, 1288 (9th Cir. 1982). While Petitioner is correct in his contention that United States has the burden to prove a "false or fraudulent return with intent to evade tax," that burden was met when Petitioner admitted both the charge of evasion and the amount owing of $2 million in criminal case CR 89-167 REC. As a consequence of Petitioner's guilty plea in CR 89-167, the tax claim against Petitioner was established without regard for any statute of limitations and the amount admitted owing fulfills the unpaid tax obligation element of the charge of evasion in the current case.

**B. Speedy Trial Act**

As Petitioner notes, time under the Speedy Trial Act is calculated as of the date Petitioner was arraigned under the superceding indictment; that is, on April 16, 2001. See 18 U.S.C. § 3161(d) (governing time limits where indictment is dismissed and a new complaint arising from the same conduct is thereafter filed). Petitioner's contentions with regard to the Speedy Trial Act are not exactly clear, but it appears to be Petitioner's contention that is rights under the Speedy Trial Act were infringed because the trial date was set about 84 days from the date of arraignment

5

and/or because there were considerable amounts of time excluded.

Petitioner's arguments fail to prove either a violation of Petitioner's rights under the Speedy Trial Act, or that he suffered ineffective assistance of counsel.  The number of days a trial is set from the date of arraignment bears no necessary relationship to the number of days that will be counted toward the Speedy Trial Act.  Subdivision (h) of 18 U.S.C. section 3161 sets forth an array of circumstances that require that time be excluded in calculating the 70-day limit under the Speedy Trial Act.  Such exclusions of time under the Speedy Trial Act are both necessary and commonplace in the management of criminal cases.

A defendant seeking dismissal of an indictment for violation of his rights under the Speedy Trial Act bears the burden of proving the delay meets the criteria for dismissal.  18 U.S.C. § 3162; United States v. Medina, 524 F.3d 974, 980 (9th Cir. 2008).  Here, Petitioner has not produced any evidence to show what time was or was not excluded from the 70-day time limit, nor has he shown that any time that was excluded was excluded improperly.  The fact that Petitioner's attorney may have requested that time be excluded for such normal functions as reviewing discovery and filing motions, and that such time was excluded under the Speedy Trial Act does not show deficient performance on the part of Petitioner's attorney, let alone prejudicial deficient performance.

The court finds Petitioner's claim of ineffective assistance of counsel on the ground his counsel failed to enter any objection as to missed deadlines under the Speedy Trial Act is without merit.

### C. Rule 11 Violation

In his amendment to the habeas petition, Petitioner alleges his plea of guilty was invalid because he was not informed during the plea colloquy of "the nature of the charges against him" in violation of Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure.  Ninth Circuit cases teach "that the failure of a district judge to give a defendant, *who otherwise does not fully understand his rights*, one of several warnings required by Rule 11 during the defendant's plea

allocution is reversible error." United States v. Kennell, 15 F.3d 134, 137 (9th Cir. 1994) (italics added). However, failure to warn or otherwise completely advise a defendant pursuant to the requirements of Rule 11 is not reversible error where the error is harmless. See United States v. Maldonado-Enriquez, 87 F.3d 1324, 1996 WL 297605 (9th Cir. 1996) (failure to warn plea was binding even if court rejected recommendations was harmless where plea recommendations were followed); Kennell, 15 F.3d at 137-138 (noting Ninth Circuit has held failures to warn under Rule 11 harmless where defendant had actual knowledge of consequences of plea).

The court has examined the transcript of Petitioner's plea colloquy and finds Petitioner's allegation that he was not informed of the nature of the charge to which he was pleading is arguably true in only the most narrow and technical sense. At the hearing on October 19, 2001, the court allowed Petitioner to withdraw a prior plea of guilty to Count 2 of the original indictment which charged "evasion of payment of taxes," and allowed Petitioner "to enter a new and different plea of guilty." Although the court did not actually read the new charge set forth in the superceding indictment to which Petitioner pled, the court disclosed the elements of the charge as follows:

> . . . the government would have to prove beyond a reasonable doubt the following things before you could be found guilty beyond a reasonable doubt:
>     First, that you made an affirmative act to evade or defeat or attempted to evade or defeat the payment of taxes; second, there was a tax due and owing by yourself, and in evading or attempting to evade or defeat such additional income tax, you acted willfully[.]

Transcript of plea at 4:10-17.

Petitioner's claim fails because there is absolutely no showing that the omission, to the extent there was any, was in any way material. Petitioner does not claim he did not know the nature of the charge to which he was pleading and there is no basis for any claim that he was not knowledgeable, given that Petitioner stated during the plea colloquy that he had "discussed this matter" – that is, the withdrawal of his prior plea and entry of a new plea – with his attorney. Transcript of plea at 2:23. The elements of the charge were explained. Petitioner admits he read and signed the plea agreement which set forth in detail the charge to which Petitioner pled, along

7

with each element of the charge.  Further, Petitioner does not offer, nor can the court conceive, any reason why having been specifically informed of the charge against him during the plea colloquy would have made any difference as to whether Petitioner entered a plea of guilty. Petitioner pled guilty in exchange for a specific recommendation for sentencing that was, so far as the court can determine, adopted and actually imposed.

This case is distinguishable from Kennell in that the omission by the district court in Kennell during the plea colloquy was a required warning to the defendant that the court could possibility disregard the plea agreement without allowing the defendant to withdraw her plea.  In Kennell the defendant suffered the adverse event that the court was required under Rule 11 to warn against, but did not.  Here, the omission by the district court, if any, did not pertain to the possibility of an unfavorable outcome.  The information omitted in Petitioner's plea colloquy was not information that, had Petitioner properly informed, would have likely changed Petitioner's outlook toward the plea agreement in any way.

The court finds Petitioner has failed to show any reason why the plea agreement he signed should be held invalid.  Petitioner's claim that evidence not adduced at the time of his plea would have shown there was no tax liability is without merit because any statute of limitations to the government's claim that taxes were owing does not apply in light of Petitioner's prior conviction for income tax evasion.  Petitioner has likewise failed to show there is any issue as to Plaintiff's rights under the Speedy Trial Act.  Finally, Petitioner has failed to show that there was any reversible error in Petitioner's plea colloquy.  Because Petitioner has failed to raise any grounds upon which the court could find the plea agreement signed by Petitioner invalid, the court is bound to enforce the terms of that agreement, including Petitioner's waiver of rights to appeal or collaterally attack his sentence.

**II.  Other Claims**

Petitioner's motion to correct, vacate, or set aside his sentence is not a model of clarity. The court has addressed all claims it can identify that Petitioner has asserted that can be

1  interpreted as attacking the validity of his plea.  Having found those claims to be without merit,
2  the court finds it is without jurisdiction to consider any remaining claims because Petitioner
3  waived the right to collaterally challenge his sentence in the plea agreement.  Thus, to the extent
4  Petitioner has asserted claims pursuant to § 2255 that have not been addressed by the court, those
5  claims are also denied.

7  THEREFORE, in consideration of the foregoing discussion, Petitioner's motion to
8  correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.  The
9  Clerk of the Court shall CLOSE the CASE.

11  IT IS SO ORDERED.
12  **Dated:    October 29, 2008**              /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE

9